IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID J. BYRNES,
    Plaintiff,

vs.                                    CASE NO.: 1:05cv62/MMP/MD

DR. ANTHONY MCDONALD, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

    On July 19, 2005, this court entered an order (doc. 7) directing plaintiff to submit an amended complaint within thirty (30) days. This order was returned as "undeliverable" but ultimately plaintiff received a copy of the order and was given additional time, until October 16, 2005, within which to amend his complaint (doc. 11). Plaintiff filed various motions, but failed to timely file his amended complaint. Therefore, the court entered an order to show cause why this case should not be dismissed. (Doc. 19). Plaintiff failed to respond, and on November 30, 2005, the court entered a report and recommendation that this case be dismissed for failure to prosecute. (Doc. 20). On December 14, 2005, the plaintiff finally filed his amended complaint. (Doc. 21). The court therefore vacated its recommendation. (Doc. 22). However, after finding this amended complaint legally insufficient, it entered another order directing the plaintiff to file an amended complaint. (Doc. 23). In lieu of filing an amended complaint, plaintiff has filed two pleadings which were referred to this court as technically deficient. The pleadings were not on plain white paper, did not have appropriate margins or spacing, and the body of the pleadings did not explain what plaintiff wished the court to do, although the title of the pleading offers some guidance in that respect. Although the court concurs with the clerk's assessment that these pleadings are deficient, the clerk will be directed to docket the pleadings.

    The first pleading is entitled "motion to object to the mag report and for leave to let

the late amendment in." This motion is moot, as the recommendation in question was vacated and plaintiff's amendment was allowed in.

The second pleading is captioned as "plaintiff's motion to dismiss the orig. complaint the style its in so the plaintiff can appeal to the 11th cir. for abuse via the lower court period or rule on the orig. complaint ie." There is no other explanation, but the court surmises that the plaintiff disagrees with the court's orders directing him to amend and if the court is unwilling to "rule on" the original complaint, he wishes to dismiss his case. This court has, in essence, already ruled the plaintiff's original complaint and all subsequent amendments are legally insufficient by directing him to amend. Therefore, plaintiff's motion to dismiss his complaint should be granted.

Accordingly, it is ORDERED:

The clerk is directed to docket the deficient pleadings. Any pleadings filed in the future that do not comply with the Northen District of Florida Rules may be returned to plaintiff without docketing or consideration by the court.

Plaintiff's motion to object to the magistrate judge's report and to let the late amendment in is denied as MOOT.

And it is respectfully RECOMMENDED:

That plaintiff's motion to dismiss the complaint be GRANTED and this case be dismissed without prejudice.

At Pensacola, Florida, this 17th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 1:05cv62/MMP/MD*